UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TODD JOSEPH THOMPSON,

    Plaintiff,

v.                                                                                              Civ. No. 17-356 WJ/GJF

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Objections [ECF No. 24] to the Magistrate Judge's "Proposed Findings and Recommended Disposition" ("PFRD") [ECF No. 23] on Plaintiff's "Motion to Reverse Commissioner's Administrative Decision and Remand Claim" [ECF No. 14] and "Brief in Support of the Motion to Reverse and Remand" (collectively, "Motion").[1] ECF No. 15. After *de novo* review of the record in this case, the Court overrules the objections, adopts the PFRD, and denies Plaintiff's Motion.

**I.    BACKGROUND**

On August 2, 2017, Plaintiff filed a motion to reverse the Social Security Administration's ("SSA's") decision denying his application for disability insurance benefits. ECF No. 14. Plaintiff alleged that his disability began on January 6, 2012, due to post traumatic stress disorder ("PTSD"), spinal injuries, sciatica, complications from knee replacement, and sleep apnea. AR 183. On May 29, 2018, Magistrate Judge Gregory J. Fouratt issued his PFRD, recommending that Plaintiff's Motion be denied and the SSA's decision be affirmed. ECF No.

---

[1] Plaintiff's argument is entirely contained within his Brief in Support. Consequently, all citations to Plaintiff's Motion refer to Plaintiff's Brief in Support [ECF No. 15] and not the Motion itself [ECF No. 14].

1

23. On June 11, 2018, Plaintiff filed objections to Judge Fouratt's PFRD. ECF No. 24. The Commissioner responded to the objections on June 18, 2018. ECF No. 25.

## II. STANDARD OF REVIEW

After a party objects to a magistrate judge's proposed findings and recommendations, the Court "shall make a *de novo* determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). "[A]n objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *Id.* at 1060. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III. ANALYSIS

Plaintiff's objections to the PFRD are two-fold. First, he argues that the SSA's Appeals Council erred by failing to explain why it did not find the U.S. Department of Veterans Affairs' ("VA's") determination that Thompson was unemployable persuasive and failed to explain what if any weight was assigned to the VA decision. *See* Pl.'s Objs. 1-4, ECF No. 24. Additionally, he contends that the VA's unemployability determination should not have been weighed by Judge Fouratt alongside the administrative law judge's ("ALJ's") decision as part of a substantial evidence review, but rather should have been remanded to the ALJ for findings of fact. *See id.* 4-5.

The Commissioner responds that "Plaintiff's Objection[s] largely reiterate[ ] – in some places almost verbatim – the unpersuasive arguments from his opening brief." Def.'s Resp. 1, ECF No. 25. As to Plaintiff's first objection, the Commissioner explains that "Judge Fouratt thoroughly and persuasively explained in his [PFRD] that 'neither regulations nor precedent require[d] the Appeals Council to do anything more than consider Plaintiff's VA disability rating,' which it did." *Id.* at 2 (quoting PFRD 18). And to Plaintiff's second objection, she directs this Court to the *Martinez* and *Vallejo* cases to reinforce that Judge Fouratt "correctly applied agency policy and Tenth Circuit case law" during his substantial evidence review of the ALJ's decision. *Id.* at 3-4 (citing *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017); *Martinez v. Barnhart*, 444 F.3d 1201 (10th Cir. 2006)). The Commissioner closes by declaring that "Plaintiff's objections largely retread his unpersuasive arguments from his opening brief and should be rejected." *Id.* at 4.

### A. Plaintiff's First Objection Is Foreclosed

The Commissioner fittingly detects the familiarity of Plaintiff's first objection. *See id.* at 1. In truth, the objection reasserts the argument made before Judge Fouratt. *Compare* Pl.'s Mot. 8-12, ECF No. 15 *with* Pl.'s Objs. 1-4. As such, the objection neither identifies weaknesses in Judge Fouratt's reasoning, nor does it provide any authority or persuasive argument that would allow this Court to ignore controlling Tenth Circuit precedent. This the Court cannot do, just as it cannot overlook the sound reasoning and ultimate conclusions set forth in Judge Fouratt's PFRD.

Judge Fouratt's PFRD examined in detail the regulations and administrative rulings that govern the review of additional evidence by the Appeals Council. *See* PFRD 15-16. To summarize, where the Appeals Council accepts new evidence into the record – as it did here – it

3

"shall consider the additional evidence" and "evaluate the entire record." 20 C.F.R. § 404.970(b) (2016). Nevertheless, the Appeals Council will only grant review "if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* And, in those instances where the Appeals Council is called upon to review another agency's disability determination (including the VA), the pre-March 2017 text of Social Security Ruling ("SSR") 06-03 required that the Appeals Council consider, rather than ignore, the other agency's decision. *See* PFRD 16 (citing SSR 06-03p, 2006 WL 2329939 at *6 (Aug. 9, 2006), *rescinded* Mar. 27, 2017 ("evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered")).

Judge Fouratt's PFRD also devoted significant effort to examining the precedential cases of *Martinez* and *Vallejo*, *see* PFRD 16-18, which he correctly observed "eviscerate Plaintiff's argument." *Id.* at 18. The PFRD concluded, in relevant part:

> Neither regulations nor precedent required the Appeals Council to do anything more than consider Plaintiff's VA disability rating. *See Martinez*, 444 F.3d at 1207-08; *Vallejo*, 849 F.3d at 955-56. The Appeals Council did so, and it declined review. Because it declined review, no express analysis was required, *see Vallejo*, 849 F.3d at 956, and none was given.

*Id.* Nothing in Plaintiff's first objection contravenes Judge Fouratt's rationale. To the contrary, this objection's attempts to distinguish *Vallejo* and *Martinez* but in reality Plaintiff is rearguing the same argument made unsuccessfully before Judge Fouratt. *Compare* Pl.'s Objs. 2-4 *with* Pl.'s Mot. 8-12. Here, Plaintiff again urges this Court to impose upon the Appeals Council a duty of express evaluation in those instances where it declines review, in spite of two published and precedential rulings from the Tenth Circuit that *unequivocally* recognize that no such duty exists. Plaintiff's first objection is foreclosed by controlling Tenth Circuit case law, and Judge Fouratt detailed precisely why that is so. Plaintiff's first objection is **HEREBY OVERRULED**

and the Court **HEREBY ADOPTS** Judge Fouratt's recommendation that Plaintiff's first ground for remand or reversal be **DENIED.**

B. **Plaintiff's Second Objection Is Baseless**

Plaintiff's second objection is an argument that "[t]he VA's unemployability rating undercuts [the] substantial evidence supporting the Commissioner's decision." Pl.'s Objs. 4. Closer examination, however, reveals that Plaintiff's second objection is more of an argument against the method by which Judge Fouratt carried out the Tenth Circuit's mandate in *Vallejo* and weighed Plaintiff's VA unemployability determination in the first instance. *See id*. at 4-5. By Plaintiff's estimation, Judge Fouratt's evaluation of the VA unemployability determination and consideration of the same against the administrative record was both "improper," *id.* at 4, and a post-hoc rationalization which "substituted the Court in place of the [a]dministration's fact-finder." *Id.* at 5.

Here again, Plaintiff ignores *Vallejo*. Judge Fouratt did not "elect" to weigh evidence in the first instance. To the contrary, Judge Fouratt complied with *Vallejo*, wherein the Tenth Circuit *directed* the district courts, in exceptionally narrow circumstances, to do just that. *See Vallejo*, 849 F.3d at 956. In *Vallejo*, the Appeals Council accepted into evidence a new treating physician's opinion, but because it declined to review the plaintiff's case, the Court held that the Appeals Council bore no duty to provide express analysis. *See id.* 954-56. Yet, upon judicial review of the claimant's nondisability finding, the Court recognized that some analysis was required, but vested that responsibility in the district court thus:

> We recognized in *Martinez* that an express analysis from the Appeals Council would be helpful to judicial review. 444 F.3d at 1207–08. But, as we said there - and reiterate here - "nothing in the statutes or regulations" requires the Appeals Council to provide that analysis. *Id.* at 1208. Remanding the case to the Appeals Council for further fact-finding when the Appeals Council did all it was required to do under the regulations wasn't an option for the district court. The district

> court's only option was to conduct a substantial-evidence review by assessing the entire agency record, including [the new treating physician's] never-before assessed opinion. *See O'Dell*, 44 F.3d at 858–59 (noting that when claimant submits new evidence to Appeals Council and Appeals Council accepts it, that evidence becomes part of the record to be considered by court in performing substantial-evidence review).

*Id.* at 956 (quotation marks and citations in original).

In the instant case, as in *Vallejo*, the "only option" available to Judge Fouratt, and now to this Court, is to "conduct a substantial-evidence review by assessing the entire agency record," including Plaintiff's VA unemployability determination. *Id.* at 956. Judge Fouratt completed this review, and found "ample evidence in the record to support the conclusion that Plaintiff is not disabled under SSA regulations." PFRD 20 (citing *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004)). Furthermore, Judge Fouratt found "nothing in the VA's disability rating [that] 'so overwhelm[s]' the 'other evidence in the record' as to deprive the ALJ's decision of support by the substantial evidence standard." *Id.* at 20-21 (citing *Langley*, 373 F.3d at 1118; *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004)).

Plaintiff's second objection as to the form of Judge Fouratt's substantial evidence review is barred by *Vallejo*. Although Plaintiff has advanced no objection to the corpus of the PFRD's substantial evidence review, this Court, through its own independent review of the PFRD and the record, finds Judge Fouratt's reasoning to be sound. *See id.* at 18-21. Even considering Plaintiff's VA unemployability determination, this Court concludes that substantial evidence still exists in the record to support the ALJ's decision. Therefore, this Court **HEREBY OVERRULES** Plaintiff's second objection and **HEREBY ADOPTS** Judge Fouratt's recommendation that Plaintiff's second ground for remand or reversal be **DENIED.**

## IV. CONCLUSION

For these reasons, it is **HEREBY ORDERED** that Judge Fouratt's PFRD [ECF No. 23] is **ADOPTED**, Plaintiff's objections [ECF No. 24] are **OVERRULED**, and Plaintiff's Motion to Reverse Commissioner's Administrative Decision and Remand Claim [ECF No. 14] is **DENIED**.

This action is **HEREBY DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE